**Truman E. DOCKERY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 27A02–8601–CR–7.

Court of Appeals of Indiana, Fourth District.

Feb. 23, 1987.

Stephen P. Wolfe, Marion, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Truman E. Dockery appeals his conviction of twelve counts of child molesting presenting the following issues:

1. Whether it was reversible error to deny Dockery's motion to compel the state to transcribe or copy videotaped statements.

2. Whether it was reversible error to deny defense counsel's motion to withdraw.

3. Whether Indiana's Rape Shield Statute is constitutional.

4. Whether it was reversible error to admit the deposition of an unavailable witness.

5. Whether it was reversible error to refuse Dockery's instructions on lesser included offenses.

6. Whether certain character testimony by Dockery's witnesses was refused by the trial court.

7. Whether there was sufficient evidence of probative value introduced at trial to establish that Dockery did in fact commit multiple counts of child molesting.

8. Whether it was reversible error to admit the sexually explicit magazines which Dockery displayed to his victims.

9. Whether Dockery was properly sentenced.

We remand for resentencing but otherwise affirm the trial court.

During the months of September and October of 1984, four girls aged fifteen (15), twelve (12), twelve (12), and ten (10) became acquainted with Dockery. He exhibited so-called "dirty" books to the girls and engaged in a variety of sexual acts

with each of them. Dockery was subsequently charged with twelve counts of child molesting. Following a jury trial, Dockery was convicted on all twelve counts and sentenced as follows: two counts of class D felony child molesting, for two years each; eight counts of class C felony child molesting for five years each; and two counts of class B felony child molesting for ten years each. Both counts of the class B felony and one count of class C felony were to run consecutively while all the other sentences were to run concurrently. This resulted in a twenty-five year sentence.

■ First, Dockery claims the trial judge erred by refusing to grant his counsel's motion to compel the state to transcribe and provide copies of video tapes of the statements of three (3) of the victims. Questions of discovery are left to the trial court's discretion. Absent a showing of clear error and resulting prejudice to the defendant, the trial court's ruling will not be disturbed on appeal. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 485. In the present case, Dockery's original defense counsel filed a request for the video tapes. He later indicated that the tapes were made available to him and he viewed them on several occasions. Dockery's second counsel was also provided the same opportunity to view the tapes. The record is clear that counsel did in fact view the tapes. The trial court did not abuse its discretion in denying the request for copies or a transcript since the tapes were available to defense counsel during normal business hours. Thus, no error occurred.

■ Second, Dockery's counsel argues that he had only two (2) working days to prepare for trial and the trial judge should have permitted him to withdraw as counsel. The record reveals that Stephen Wolfe appeared for the defendant on April 29, 1985. A dispute subsequently arose as to whether Wolfe or another attorney would represent Dockery. Following a hearing on Friday, May 24, 1985, the trial judge determined that Wolfe would represent Dockery

at the trial set for May 29, 1985. On May 29, the trial court continued the trial date to July 9 upon Dockery's oral motion. Thus, Dockery's counsel ultimately had several weeks to prepare for trial and not two (2) days as he claims in his brief. Dockery has not shown that it was error for the trial court to deny the motion to withdraw and subsequently grant a continuance. His argument on this issue is without merit.

■ Third, Dockery contends that IND. CODE 35–37–4–4, commonly known as the Rape Shield Statute, is unconstitutional. Dockery appears to base his argument on the fact that Barbara Goodman's deposition testimony accused Dockery, her father, of having sexual relations with her throughout her childhood. He argues that the court refused testimony showing that it was Barbara's brother and not Dockery who had relations with her. Dockery asserts that this evidence was kept out under the guise of the Rape Shield Statute and therefore his constitutional rights were violated.

A review of the record, however, reveals that at least two witnesses testified that Barbara had never accused her father of these acts in the past but rather had stated that a brother had performed the acts. (R. 765, 777) Dockery himself testified that his daughter, Barbara, had dreams and nightmares of molestation and had on occasion stated that her father was in the room with her. Dockery, however, denied that anything had ever happened between himself and his daughter. (R. 663–64) Thus evidence was introduced, without objection, that Dockery had not performed these acts and that Barbara had originally accused a brother, not her father, of performing the acts.

■ Dockery never refers this court to any place in the record where evidence on this issue was refused when offered. If, however, this occurred any error would be harmless since evidence on the issue was admitted.[1]

1. Additionally, we note that the Rape Shield Statute has been upheld as constitutional.

*Thomas v. State* (1984), Ind., 471 N.E.2d 677. The statute is not applicable in the present case.

■ Fourth, Dockery claims error in the introduction of Barbara Goodman's deposition because there was an insufficient showing of witness unavailability and because the probative value of the evidence was outweighed by its prejudicial effect. The use of the deposition was governed by Ind.Rules of Procedure, Trial Rule 32(A), which provides in part:

*At the trial* or upon the hearing of a motion or an interlocutory proceeding, *any part or all of a depostion [sic], so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented by the taking of the deposition, by or against any party who had reasonable notice thereof or by any party in whose favor it was given in accordance with any one [1] of the following provisions:*

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.

(2) The deposition of a party, or an agent or person authorized by a party to testify or furnish such evidence or of anyone who at the time of taking the deposition was an officer, director, or managing agent, executive officer or a person designated under Rule 30(B)(6) or 31(A) to testify on behalf of an organization, including a governmental organization, or partnership which is a party may be used by an adverse party for any purpose.

(3) *The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:*

(a) that the witness is dead; or

(b) that the witness is outside the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or

(c) *that the witness is unable to attend or testify because of* age, *sickness, infirmity,* or imprisonment; or

(d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena....

Notice of the taking of the deposition was given to Dockery's counsel, and counsel was aware that the deposition was being taken for use at trial, not merely for discovery purposes. Prior to admitting the deposition, the trial judge properly found that the witness was physically unable to attend trial and testify. It therefore was not error to admit the deposition.

Dockery also asserts that the deposition testimony had no probative value and was designed to prejudice and infuriate the jury. He also objected to the evidence on the basis that the alleged acts with the daughter occurred seventeen to thirty years prior to the events at issue in Dockery's prosecution. Therefore, he argues the events described by the daughter were so remote that the evidence should have been excluded at Dockery's trial.

■ Evidence of similar past conduct of a defendant is admissible as proof of the defendant's depraved sexual instinct in cases involving child molesting. *Puckett v. State* (1982), Ind.App., 443 N.E.2d 77, 78. The mere passage of time does not affect the relevancy of evidence of prior similar misconduct. Rather, it goes to the weight to be given that evidence. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, 1099. Thus, in *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, the court permitted evidence of a 22 year old rape conviction in a child molesting prosecution to prove depraved sexual instinct.

■ In the present case, Barbara's deposition presented evidence that her father had molested her over a ten year period of time. Thus, the accusations involved conduct on Dockery's part that was similar to

The alleged past sexual conduct between Barbara and Dockery was not at issue. Barbara's testimony was admitted solely to show depraved sexual instinct. Dockery was not being prosecuted for the acts with his daughter and there-

fore IC 35-37-4-4(b) was inapplicable. In any event, as discussed, similar evidence was ultimately admitted; therefore any error was harmless.

the conduct involved in the counts of child molesting. The fact that the events related by the daughter occurred several years in the past went to the weight of the evidence and did not affect its admissibility. The evidence was clearly relevant and probative and was properly admitted by the trial court.

■■■■ Fifth, Dockery contends that the trial judge erred in refusing to give his tendered instructions regarding child molesting, a class D felony and battery, a misdemeanor, contending that they were lesser included offenses. In order for a lesser offense instruction to be proper, there must be evidence from which the jury could properly find that the lesser offense was committed while the greater was not. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365. Here, the evidence clearly established that Dockery committed the crime of child molesting as charged. Each victim testified regarding the acts performed as well as to her age. Thus, the tendered instructions were properly refused. The remainder of Dockery's argument concerning his tendered instructions numbered four (4), five (5), and six (6), and the giving of State's instruction number fourteen (14), is waived because of his failure to cite any authority on the appropriateness of these instructions as required by Ind.Rules of Appellate Procedure, Rule 8.3(A)(7); *Turnpaugh v. Wolf* (1985), Ind.App., 482 N.E.2d 506, 510.

■■■■ Sixth, Dockery complains that the trial court improperly refused character testimony by Ruth Baker and Orpha Hasty. This argument is meritless and is supported by neither authority nor the record. The witness Ruth Baker was interrogated by defense counsel as follows:

[WOLFE] Q: Uh—have you met them enough times to have an opinion concerning their truthfulness and untruthfulness? Have you met them enough times to have an opinion on that?

RITTMAN: May it please the Court. I'd like to know who he's referring to as "them".

THE COURT: So would I.

WOLFE: Okay.

RITTMAN: Are you talking about the parents or the kids?

WOLFE: The children. The children.

THE COURT: Thank you.

[BAKER] A: I—I couldn't make—I couldn't make a statement regarding the children's truthfulness or untruthfulness in that I didn't deal with them directly. I deal—I dealt with the mother.

[WOLFE] Q: Oh. Well, I don't think we have any further questions then.

RITTMAN: No questions of this lady, Your Honor.

THE COURT: Thank you so very much, Mrs. Baker. You're excused.

(R. 704–705) No testimony was sought from the witness on this subject. She simply had no opinion.

■■■■ Likewise, Dockery's complaint that Orpha Hasty was not allowed to testify regarding his complaints of harrassment by the victims is meritless. This witness was questioned outside the presence of the jury on the subject of her testimony. During the questioning, the witness stated that Dockery had told her the girls sat on his lap. The court asked defense counsel if he wanted the jury to hear that testimony. Defense counsel stated "probably not." He then consulted with Dockery and, after the jury returned to the court, he excused the witness. (R. 717–19) The trial court committed no error.

■■■■ Seventh, Dockery argues that the evidence is insufficient to support the convictions for child molesting. We have examined the evidence and found it to be sufficient. Each of the victims testified that Dockery had committed sexual acts with them. They also testified that they saw him perform similar acts with the other victims. Thus, the evidence is sufficient to sustain the convictions. *Kizer v. State* (1986), Ind., 488 N.E.2d 704.

■■■■ Eighth, Dockery complains that certain exhibits he characterizes as pornographic were erroneously admitted. When offered at trial, defense counsel made no

objection. The issue therefore was not properly preserved.

■ Finally, Dockery claims that the trial court's sentence was too harsh, arguing its failure to identify mitigating circumstances which existed and its conclusionary recitation of aggravating circumstances was error. We agree. IC 35–38–1–3 requires that if the trial judge finds aggravating or mitigating circumstances, its record must include "a statement of the court's reason for selecting the sentence it imposes." The trial judge may not ignore facts in the record which would mitigate the offense. *Jones v. State* (1984), Ind., 467 N.E.2d 681, 683. The failure of the trial court to find "mitigating circumstances when clearly supported by the record may reasonably give rise to a belief that they were overlooked [and] not properly considered." *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1202. The criteria listed in IC 35–38–1–7(b) and (c) are merely illustrative of facts which if found to exist either mitigate or aggravate the offense. Trial courts are not limited to those considerations, but must particularize their conclusions by reciting specific facts and reasons which lead to the conclusion that the circumstance exists. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250.

■ Here, the trial judge found no mitigating facts. However, the record clearly shows that Dockery was seventy-six (76) years of age, in poor health, had no previous criminal record, and had been a productive worker. The failure of the trial judge to find these facts impedes meaningful appellate review of the sentence imposed.

The trial judge listed four aggravating circumstances to justify the imposition of consecutive terms of imprisonment.

1. The imposition of a lesser sentence would depreciate the seriousness of the crime;

2. The victims were young and vulnerable and the defendant preyed upon their youth and inexperience; and

3. The defendant has displayed a total lack of remorse or contrition for his disgusting acts.

4. Defendant exhibits a continuing pattern of sexual improprieties with young children.

■ While lack of remorse may .be a proper aggravating circumstance in some cases, we do not believe it should be considered as a factor in the present case. The defendant has the right to protest his innocence at all stages of the criminal proceeding including sentencing. This is particularly true in instances where the evidence of criminal acts comes solely from the victims without any corroborating evidence, physical or otherwise.

In the present case, the finding of lack of remorse was based solely on Dockery's persistent denial of his guilt. He had never made any statements that were inconsistent with this claim of innocence. The evidence against him was comprised solely of the victims' testimony and was not corroborated by physical evidence, such as medical reports. Under these circumstances, the defendant's continued assertion of his innocence should not be used as an aggravating factor under the guise of lack of remorse. *See Mahla v. State* (1986), Ind., 496 N.E.2d 568, 575 (where additional evidence of guilt was present to substantiate finding of lack of remorse).

This cause is remanded to the trial court for a proper weighing of all aggravating and mitigating circumstances and the trial court is instructed to enter a new sentencing order and statement. It is affirmed in all other respects.

CONOVER, P.J., and ROBERTSON, J., concur.