Angelo D'PAFFO, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 28A04–0010–CR–442.

Court of Appeals of Indiana.

June 5, 2001.

Transfer Granted August 24, 2001.

Eugene C. Hollander, Special Assistant to the Office of the State Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Angelo V. D'Paffo appeals his conviction of Child Molesting,[1] a class A felony, pre-senting the following restated issues for review:

1. Did the trial court err in instructing the jury with respect to the intent element of the offense of child molesting?

2. Was the evidence sufficient to support the conviction?

3. Did the trial court err in limiting the cross-examination of a witness?

We reverse.

The facts favorable to the conviction are that D'Paffo was married to David Peltier's ex-wife, Mary. Mary and Peltier had one daughter, eight-year-old C.P. C.P. lived with her mother and D'Paffo. At approximately 4 p.m. on July 9, 1998, C.P. called her friend, ten-year-old A.M., to come over and play. At some point, A.M. and D'Paffo were alone in the living room. D'Paffo touched A.M.'s breasts through her clothes and then lifted her skirt and inserted his finger into her vagina. When A.M. went to the bathroom a short time later, she discovered that she was bleeding from that part of her anatomy.

When A.M. went home that evening at about 7 p.m., she told her mother that there was something she wanted to tell her. A.M. showed her the blood in her underwear, but was too frightened at first to tell her what had happened. She initially told her mother that she had been injured when she fell on something while playing. Eventually, however, A.M. told her mother what D'Paffo had done. Her mother immediately took A.M. to the hospital. A.M. was examined at the hospital at approximately 11:30 p.m. on July 9 by Dr. Gregory Wall. Dr. Wall discovered an abrasion on A.M.'s posterior fourchette and a half-inch tear at the junction of her labia minora and hymeneal ring on the right side. According to Dr. Wall, A.M.

---

1. Ind. Code Ann. § 35–42–4–3 (West Supp. 2000).

had suffered the latter injury within the past four to six hours. Dr. Wall notified child protective services of his findings and an investigation ensued. Investigators learned that, in addition to the allegations made by A.M., C.P. alleged that she had been fondled by D'Paffo on numerous previous occasions.

Following the investigation, D'Paffo was charged with two counts of child molesting, one as a class A felony and the other as a class C felony. The former charge alleged that A.M. was the victim and the latter alleged that C.P. was the victim. After a jury trial, D'Paffo was found not guilty of the C-felony charge, but guilty of A-felony child molesting.

### 1.

D'Paffo contends that the trial court erred in reading the following instruction to the jury:

> To convict the Defendant of Count I, the State must have proved each of the following elements:
>
> The Defendant Angelo V. D'Paffo
>
> 1. knowingly or intentionally
> 2. performed or submitted to deviate sexual conduct
> 3. with [A.M.]
> 4. when [A.M.] was a child under fourteen (14) years of age.
>
> If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of Count I.
>
> If the State did prove each of these elements beyond a reasonable doubt, you may find the Defendant guilty of child molesting, a Class B felony, as included in Count I.
>
> If you further find beyond a reasonable doubt that the offense was committed when the Defendant Angelo V. D'Paffo was at least twenty-one (21) years of age you may find the Defendant

guilty of child molesting, a Class A felony, as charged in Count I.

*Record* at 254. D'Paffo contends that the above instruction was erroneous because it failed to apprise the jury that in order to convict him of child molesting, it must find that he performed the alleged acts with the intent to arouse or satisfy the sexual desires of D'Paffo or the child.

At trial, D'Paffo failed to object to the jury instruction in question. Thus, he has waived the claim of error and it is unavailable on appeal unless it rises to the level of fundamental error. *Echols v. State*, 722 N.E.2d 805 (Ind.2000). Our supreme court has stressed that the fundamental error exception is "extremely narrow." *Mitchell v. State*, 726 N.E.2d 1228, 1236 (Ind.2000). In order to qualify as fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Id.* (quoting *Willey v. State*, 712 N.E.2d 434, 444–45 (Ind.1999)). Such error "must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Mitchell v. State*, 726 N.E.2d at 1236 (quoting *Wilson v. State*, 514 N.E.2d 282, 284 (Ind.1987)). To justify reversal where an erroneous jury instruction was given, the error must be such that the whole charge of which it formed a part misled the jury concerning the law of the case. *Stafford v. State*, 736 N.E.2d 326 (Ind.Ct.App.2000), *trans. denied.* In reviewing a trial court's decision to give or refuse tendered jury instructions, we consider whether (1) the instruction correctly states the law, (2) there was evidence of record to support giving the instruction, and (3) the substance of the tendered instruction was covered by other instructions that were given. *Chambers v. State*, 734 N.E.2d 578 (Ind.2000)

In *Clark v. State*, 728 N.E.2d 880 (Ind. Ct.App.2000), *trans. denied*, the defendant challenged his child-molesting conviction on the basis that the instruction defining the charged offense did not include the intent element. This court reversed upon the basis that the instruction contained no description whatsoever of the criminal intent involved. *Clark v. State*, 728 N.E.2d 880 (Ind.Ct.App.2000). The State contends that *Clark* does not compel reversal here because the underlying facts of that case differ from those of the instant case in one important respect. In *Clark*, the defendant admitted touching the child's genitalia, but claimed that he did so in order to determine whether she was sexually active. D'Paffo, on the other hand, denied that he touched A.M. at all. Therefore, according to the State, D'Paffo was not prejudiced by the failure to instruct the jury with respect to D'Paffo's intent in touching A.M., because he categorically denied touching her at all. Lacking prejudice, the argument goes, any error in the manner in which the jury was instructed did not rise to the level of fundamental error. We are not persuaded by the State's reasoning.

■ Regardless of the nature of D'Paffo's defense, he was entitled to have the trial court instruct the jury concerning every element of the offenses of which he was charged. The failure to do so is fatally defective. *Higgins v. State*, 690 N.E.2d 311 (Ind.Ct.App.1997). The instruction in question did not inform the jury of the element in question, nor was this error cured by any other instructions or the charging information, which also was read to the jury. The effect of these omissions was that the jury was permitted to return a guilty verdict in the absence of the proper mens rea. For this reason, D'Paffo's conviction must be reversed.

2.

■ Although we have determined that D'Paffo's conviction must be reversed, we address his claim that the evidence was insufficient to support the conviction, because if he prevails on this claim, double jeopardy principles bar a retrial. *Robinette v. State*, 741 N.E.2d 1162 (Ind.2001).

■ When reviewing a claim of insufficient evidence, we neither reweigh evidence nor assess witness credibility. *Brown v. State*, 738 N.E.2d 271 (Ind.2000). Looking to the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, we will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* A conviction for child molesting may be sustained solely by the victim's testimony, even if that testimony is uncorroborated. *Bowles v. State*, 737 N.E.2d 1150 (Ind.2000).

In the instant case, A.M. testified that D'Paffo inserted his finger into her vagina. There was evidence demonstrating that, at the time, A.M. was less than fourteen years old and D'Paffo was more than twenty-one years old. Under appropriate instructions, such would permit a reasonable jury to conclude that he engaged in the conduct with the requisite intent. This evidence was sufficient to support the child molesting conviction. There is no double-jeopardy bar to a retrial.

3.

■ Julie Martin was an investigator for the Greene County Prosecutor's Office and she conducted the investigation in the instant case. Upon cross-examination, D'Paffo questioned Martin on the subject of whether, and how, A.M. and C.P. changed their stories about what had occurred. The trial court sustained certain objections made by the State concerning

whether A.M.'s and C.P.'s stories had changed as the investigation unfolded. D'Paffo claims that the trial court erred in doing so. We address this issue because of the possibility that it will arise again in the event of a retrial.

 The right to cross-examine witnesses is one of the fundamental rights of our criminal justice system, but is nevertheless subject to reasonable limitations placed at the trial court's discretion. *Marcum v. State*, 725 N.E.2d 852 (Ind.2000). Any limitations so imposed must be reasonable and should be based upon "concerns about, among other things, harassment, prejudice, confusion of issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* at 860 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).

 Rule 613 of the Indiana Rules of Evidence allows impeachment of a witness by evidence of a prior inconsistent statement. Before a party is entitled to impeach a witness's testimony by extrinsic evidence of a prior inconsistent statement, however, "a proper foundation must be laid to warn the witness and enable him to admit, explain, or deny the prior statement." *Roberts v. State*, 712 N.E.2d 23, 32 (Ind.Ct.App.1999), *trans. denied* (quoting *Coleman v. State*, 588 N.E.2d 1335, 1340 (Ind.Ct.App.1992), *trans. denied* ). "If the witness explains or admits to making the prior inconsistent statement, impeachment has occurred, and extrinsic evidence of the inconsistent statement is inadmissible." *Roberts v. State*, 712 N.E.2d at 32.

We need not set forth all of the inconsistencies that occurred in A.M.'s and C.P.'s respective accounts of the events surrounding the alleged molestation. For our purposes, it is sufficient to say that, from the time of the molestation until their trial testimony, their versions changed several times in several particulars. Upon cross-examination during trial, defense counsel questioned each of the girls thoroughly about those inconsistencies. In fact, at trial, defense counsel delved into all of the inconsistencies that D'Paffo recites in arguing this issue. Put another way, it appears that C.P. and A.M. had already admitted and explained—or failed to explain—the inconsistencies about which D'Paffo's counsel sought to question Martin. Thus, impeachment on those matters had already occurred and extrinsic evidence concerning those inconsistent statements was inadmissible. *Roberts v. State*, 712 N.E.2d 23. With respect to Rule 613 and witness Martin, D'Paffo has not brought to our attention any matters that the trial court erroneously prevented D'Paffo from exploring upon cross-examination.

Judgment reversed.

RILEY, J., and SULLIVAN, J., concur.