James David JACO, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A05–0104–CR–160.

Court of Appeals of Indiana.

Nov. 20, 2001.

Paula M. Sauer, Danville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge.

James David Jaco appeals his conviction and sentence for child molesting, a class A felony.[1] Jaco raises three issues, which we restate as:

1. Whether the trial court abused its discretion by admitting a videotaped statement from the victim pursuant to Ind.Code § 35-37-4-6;

2. Whether the trial court's instruction on the elements of child molesting

---

1. Ind.Code § 35-42-4-3(a).

by deviate sexual conduct was fundamental error because it did not instruct the jury on the element of intent; and,

3. Whether the sentence is manifestly unreasonable.

We affirm.

The facts most favorable to the judgment follow. In October 1999, Jaco had alternating weekend visitation with his ten-year old daughter, C.J. During one visitation, Jaco removed his daughter's pants and "licked" her vagina for a "couple of minutes." Jaco instructed C.J. not to tell anyone. However, when C.J. returned to her mother after the weekend visitation, C.J. immediately pulled her mother aside and informed her of the incident. That evening, C.J. also informed her two older sisters of the incident. The next day, C.J.'s mother called Jaco regarding the molestation and stopped the weekend visitations, but she did not contact the police or other authorities.

In December 1999, C.J. resumed weekend visitation with Jaco. In March 2000, C.J.'s older sister, A.M., informed her school counselor of the molestation incident. An investigation ensued and criminal charges were filed against Jaco. After a jury trial, Jaco was found guilty of child molesting as a class A felony, but found not guilty of child molesting as a class C felony.[2] Jaco was sentenced to thirty-two years in the Department of Correction.

I.

■ The first issue is whether the trial court abused its discretion by admitting a videotaped statement from the victim pursuant to Ind.Code § 35–37–4–6. We review the trial court's admission of evidence for an abuse of discretion, and we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997), *reh'g denied.* Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error. *Fox v. State*, 717 N.E.2d 957, 966 (Ind.Ct. App.1999), *reh'g denied, trans. denied.*

Ind.Code § 35–37–4–6 governs the admissibility of a videotaped statement of a "protected person."[3] Ind.Code § 35–37–4–6 provides that:

c) A statement or videotape that:

1) is made by a person who at the time of trial is a protected person;

2) concerns an act that is a material element of an offense listed in subsection (a) that was allegedly committed against the person; and

3) is not otherwise admissible in evidence;

is admissible in evidence in a criminal action for an offense listed in subsection (a) if the requirements of subsection (d) are met.

d) A statement or videotape described in subsection (c) is admissible in evidence in a criminal action listed in subsection (a) if, after notice to the defendant of a hearing and of his right to be present, all of the following conditions are met:

1) The court finds, in a hearing:

A) conducted outside the presence of the jury; and

B) attended by the protected person;

that the time, content, and circumstances of the statement or video-

---

2. Ind.Code § 35–42–4–3(b).

3. As C.J. was less than fourteen years old at the time of the trial, she qualified as a protected person. *See* Ind.Code § 35–37–4–6(b)(1).

tape provide sufficient indications of reliability.

2) The protected person:

A) testifies at the trial; or

B) is found by the court to be unavailable as a witness....

 Jaco argues that the videotape should not have been admitted at trial because it did not provide sufficient indications of reliability.[4] Specifically, Jaco argues that the statements on the videotape were not reliable because the interview occurred five months after the molestation incident and because C.J.'s testimony at the child hearsay hearing was inconsistent with her statements made during the videotaped interview.

 We addressed a similar argument in *Fox*, 717 N.E.2d at 966. In *Fox*, the trial court admitted videotaped interviews of two molestation victims. *Id.* The two victims also testified at the trial. *Id.* Fox argued that the trial court abused its discretion by admitting the videotapes because the videotapes were unreliable. *Id.* We declined to address whether the videotapes were reliable. *Id.* We noted that the videotapes were not the only direct evidence of the events. *Id.* "Admission of a videotape may be harmless error if it is no more than cumulative of the statement of a witness and the tape is not the only direct evidence of the events." *Id.* Because the two victims testified at trial re-

garding the molestations and Fox "made no showing that the videotape was more than cumulative of the statements [the victims] made during trial," we held that any error alleged by Fox regarding the admissibility was harmless. *Id.* at 966 n. 7.

 Similarly, in this case, C.J. testified at trial regarding details of the molestation. C.J.'s mother and sister, A.M., also testified regarding C.J.'s description of the molestation. Thus, at trial, the videotape was cumulative of other evidence appropriately admitted.[5] *See, e.g., Pierce v. State*, 677 N.E.2d 39, 45 (Ind.1997) (holding that where child was incompetent to testify, a videotaped statement of the child was cumulative of the testimony of child's mother and two police officers regarding statements made by the child after the molestation); *Fox*, 717 N.E.2d at 966 (holding that a videotaped statement was cumulative of the testimony of the two victims). Because the videotaped interview was cumulative, any error alleged by Jaco regarding the reliability and admissibility of the videotape is harmless. *See Fox*, 717 N.E.2d at 966. Therefore, we decline to determine whether the trial court erred in finding that the videotaped interview provided sufficient indications of reliability. *See id.*

## II.

 The next issue is whether the trial court's instruction on the elements of

---

4. Jaco also argues that the trial court erred by not providing a limiting instruction regarding the videotape pursuant to Ind.Code § 35–37–4–6(g). Although the trial court did not instruct the jury according to Ind.Code § 35–37–4–6(g), Jaco did not request the limiting instruction or object to the trial court's failure to present the limiting instruction. A defendant that does not request a limiting instruction waives the issue on appeal. *Humphrey v. State*, 680 N.E.2d 836, 839–840 (Ind.1997). Thus, Jaco has waived any error with regard

to the failure to issue the limiting instruction required by Ind.Code § 35–37–4–6(g).

5. Jaco also argues that the videotape was not cumulative because "without eyewitnesses and no physical findings of molestation, the conviction rested solely on the credibility of the complaining witness." Appellant's Reply Brief at 4. However, it is well settled that a conviction for child molesting may rest upon the uncorroborated testimony of the victim. *Brooks v. State*, 560 N.E.2d 49, 53 (Ind.1990), *reh'g denied.*

child molesting by deviate sexual conduct constituted fundamental error because it lacked an element of intent.[6] Jaco failed to object to the jury instruction in question or to tender his own instruction. Thus, he waived any claim of error with respect to the instruction and it is unavailable on appeal unless the alleged error rises to the level of fundamental error. *Echols v. State,* 722 N.E.2d 805, 807 (Ind.2000). A fundamental error is a substantial, blatant violation of basic principles of due process rendering the trial unfair to the defendant. *Taylor v. State,* 717 N.E.2d 90, 93 (Ind. 1999).

▮ The trial court's Final Instruction No. 4 and the corresponding preliminary instruction provided as follows:

The crime of child molesting, as charged in Count 1 of the information, is defined by statute, in relevant part, as follows:

A person who, with a child under fourteen (14) years of age, performs or submits to deviate sexual conduct commits child molesting, a Class 'B' felony. However, the offense is a Class 'A' felony if it is committed by a person at least twenty-one (21) year [sic] of age.

To convict the defendant of child molesting as a Class 'A' felony, as charged, the State must prove each of the following elements beyond a reasonable doubt:

1. The defendant, James David Jaco,

2. Being at least 21 years of age,

3. Did perform deviate sexual conduct,

4. With [C.J.], a child the [sic] under the age of fourteen (14) years.

If the State fails to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty of child molesting as charged in Count 1.

If the State does prove each of these elements beyond a reasonable doubt, you should find the defendant, James David Jaco, guilty of child molesting as charged in Count 1.

Appellant's Appendix at 18.

Jaco argues that "[in] failing to instruct the jury regarding the mens rea element of the offense—with intent to arouse or satisfy the sexual desires of Jaco or the child—the trial court committed fundamental error." Appellant's Brief at 18. Initially, we observe that Jaco argues that the mens rea of child molesting is the "intent to arouse or satisfy the sexual desires." This issue was recently clarified in *Louallen v. State* where we held that the mens rea for the offense of child molesting is "intentionally." *See Louallen v. State,* 755 N.E.2d 672, 676 (Ind.Ct.App.2001), *trans. pending; see also Newton v. State,* 456 N.E.2d 736, 739–740 n. 1 (Ind.Ct.App. 1983) (explaining that the offense requires mens rea whether or not specified by the wording of the statute); *Cf. Clark v. State,* 728 N.E.2d 880, 884–885 (Ind.Ct.App.2000) (holding that the mens rea of child molesting was the intent to arouse sexual desire), *trans. denied.* Jaco does not argue that the instruction is lacking a requirement that each element of the offense be performed "intentionally."

---

**6.** Ind. Appellate Rule 50(B)(1)(c) requires Appellant's Appendix to contain "any instruction not included in appellant's brief under Rule 46(A)(8)(e), or the Transcript of the instruction, when error is predicated on the giving or refusing of any instruction." Thus, in this case, Appellant's Appendix should have contained a complete set of the instructions.

However, only Final Instruction No. 4 and the corresponding preliminary instruction were provided in Appellant's Appendix. As this hindered our review of this issue, we issued a Writ of Certiorari on September 10, 2001 directing the Clerk of the Hendricks County Court to provide copies of all of the preliminary and final instructions in this case.

Rather, Jaco argues that the instruction was fundamental error because it failed to include an "intent to arouse or satisfy sexual desires." Presumably, Jaco bases his argument on Ind.Code § 35–42–4–3(b) which provides that a "person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony." This intent to arouse or to satisfy the sexual desires is required because people often touch children without the intent to arouse or satisfy sexual desires. The intent to arouse or to satisfy sexual desires is not inherent in touching a child.

However, Jaco was convicted of child molesting under Ind.Code § 35–42–4–3(a) which relates to a person who "performs or submits to sexual intercourse or deviate sexual conduct." Ind.Code § 35–42–4–3(a) does not explicitly require an intent to arouse or satisfy the sexual desires because such an intent is implicit in the use of the terms "*sexual* intercourse" and "deviate *sexual* conduct." For example, if an intent to arouse or satisfy the sexual desire was not inherent in the definition of deviate sexual conduct, medical examinations, such as a colonoscopy or gynecological examination, would arguably fit within the definition.[7]

In any event, regardless of whether Jaco argues that the instruction constitutes fundamental error for failing to include a mens rea of "intentionally" or an element of "intent to arouse or satisfy sexual desires," no fundamental error exists in this case. Our supreme court found no fundamental error in the use of an instruction substantially similar to the instant instruction on child molesting under Ind.Code § 35–42–4–3(a). *Snider v. State*, 468 N.E.2d 1037, 1039 (Ind.1984). Our supreme court's reasoning for the holding was that:

> [the instruction] involved in this case does not eliminate or prohibit consideration of the intent to molest or injure. It does not preclude the defense from proving or arguing that any touching of the child was innocent. And it is in perfect accord with the statute which it purports to present. The instruction furthermore utilizes words which refer to deliberate injurious conduct, words which in their plain meaning would be understood by the jury as including criminal intent. The worst that can be said of this instruction is that it would have been clearer if it had sorted out criminal intent and separately referred to it. Fundamental error is one which if not rectified would deny fundamental due process. This instruction had no such egregious influence upon the trial resulting in appellant's conviction. There is therefore no basis for relieving appellant of his prior procedural default and the judgment denying post-conviction relief is affirmed.

*Id.* at 1039–1040 (citations omitted).

In addition, we have reached a similar conclusion in numerous cases. *See Mullins v. State*, 486 N.E.2d 623, 625–626 (Ind. Ct.App.1985) (holding that the failure to instruct the jury on the element of criminal intent in the child molestation statute was not fundamental error where the element was not eliminated or consideration of it prohibited by the tendered instructions); *Warren v. State*, 701 N.E.2d 902,

---

7. Deviate sexual conduct is defined as "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind.Code § 35–41–1–9.

905–906 (Ind.Ct.App.1998) (finding no fundamental error where a court's instructions on child molestation fail to sort out and separately refer to the criminal intent element so long as that element is not eliminated or consideration of it prohibited by the tendered instructions), *trans. denied; Cardwell v. State*, 516 N.E.2d 1083, 1086–87 (Ind.Ct.App.1987) (finding no reversible error where even though defendant had objected to the instruction, the instructions taken as a whole adequately informed the jury that the defendant must have performed deviate sexual conduct knowingly), *reh'g denied, trans. denied.*[8]

In this case, the pertinent instructions are substantially similar to the instruction on child molesting given in *Snider. See Snider*, 468 N.E.2d at 1038–1039. While the instructions did not delineate the mens rea of the crime, the instructions did not eliminate or prohibit consideration of the intent to molest or injure. Further, as our supreme court determined in *Snider*, the instruction utilizes words which refer to deliberate injurious conduct, words which in their plain meaning would be understood by the jury as including criminal intent. *See id.* at 1039–1040. The instructions did not preclude Jaco from proving or arguing that any touching of C.J. was innocent. Rather, at trial, Jaco argued that he had not touched C.J.

 Furthermore, fundamental error exists only when there are blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied. *Ford v. State*, 704 N.E.2d 457, 461 (Ind.1998), *reh'g denied.* The error must be so prejudicial to the

rights of a defendant as to make a fair trial impossible. *Barany v. State*, 658 N.E.2d 60, 64 (Ind.1995). Although Jaco argues that the failure to include the criminal intent element was fundamental error, he fails to provide us with any argument that he was prejudiced by the instruction. *See Talley v. State*, 736 N.E.2d 766, 768 (Ind. Ct.App.2000) (finding no fundamental error where defendant failed to demonstrate how he was prejudiced).

While it would have been preferable to delineate the mens rea of the crime, this error does not rise to the level of fundamental error. *See Snider*, 468 N.E.2d at 1039. Jaco has not demonstrated the prejudice necessary to demonstrate fundamental error. *See Talley*, 736 N.E.2d at 768. In light of the controlling precedent from our supreme court, we find no fundamental error with the trial court's instruction on child molesting. *See Snider*, 468 N.E.2d at 1039.

## III.

 The last issue presented by Jaco is whether his sentence is manifestly unreasonable. Sentencing decisions are entrusted to the sound discretion of the trial court, are given great deference, and will only be reversed for an abuse of discretion. *Sensback v. State*, 720 N.E.2d 1160, 1163 (Ind.1999). If a trial court uses aggravating circumstances to enhance a presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3)

---

8. Jaco also cites *D'Paffo v. State*, 749 N.E.2d 1235 (Ind.Ct.App.2001), *trans. granted*, in which another panel of this court held that the failure to instruct the jury on the mens rea of child molesting was fundamental error. However, after Jaco's Reply Brief was filed, our supreme court granted the State's petition to transfer in *D'Paffo.* Therefore, that decision no longer constitutes precedent that may be cited by or to this court. Ind. Appellate Rule 58(A); *Burkett v. State*, 691 N.E.2d 1241, 1246 (Ind.Ct.App.1998) (citing former Ind. Appellate Rule 11(B)), *reh'g denied, trans. denied.*

articulate the court's evaluation and balancing of the circumstances. *Newman v. State,* 719 N.E.2d 832, 839 (Ind.Ct.App. 1999), *trans. denied.*

■ The trial court sentenced Jaco to thirty-two years in the Department of Correction. The presumptive sentence for child molesting as a class A felony is thirty years. *See* Ind.Code § 35–50–2–4. In sentencing Jaco, the trial court stated:

> [T]he Court finds an aggravating fact, one (1) aggravating fact, and that is that the victim [is] Mr. Jaco's own daughter. And I find that to be an aggravating fact of substantial weight.... The Court does find also a mitigating fact and that is that he does have no criminal history, that he has provided for his family, and has a generally good reputation at least in his work community and among his friends there.... As you know, the presumptive penalty is thirty (30) years, and the Court is required to balance the aggravating and mitigating facts. I believe that the aggravating fact that he [is] her father requires that his sentence be enhanced by seven (7) years. I will in acknowledgement of the mitigating facts reduce this sentence by five (5) years, which means that his sentence will be thirty-two (32) years in the Indiana Department of Corrections.

Appellant's Appendix at 46–47.

■ Jaco argues that the trial court did not consider evidence that C.J. still loved and missed her father and that her family felt that even the minimum sentence was too harsh. Initially, we note

that abusing a "position of trust" is, by itself, a valid aggravator which supports the maximum enhancement of a sentence for child molesting. *Singer v. State,* 674 N.E.2d 11, 14 (Ind.Ct.App.1996); *see also Ridenour v. State,* 639 N.E.2d 288, 298 (Ind.Ct.App.1994) ("[T]he fact that [the defendant] violated his parental position of trust with D. and J. is a valid aggravating factor. A 'position of trust' by itself constitutes a valid aggravating factor upon which the court could properly enhance [the defendant's] sentence.") Thus, Jaco's abuse of his position of trust with C.J. was a valid aggravating factor which by itself would have supported the maximum enhancement.

■ Moreover, a sentencing court is not required to find the existence of mitigating circumstances, to give mitigating circumstances the same weight as the defendant gives them, or to explain why it rejected the offered evidence of mitigation. *Singer,* 674 N.E.2d at 17–18. Consequently, the trial court was not required to give the same weight as Jaco does to the facts that C.J. still loved and missed her father and that C.J.'s family felt that even the minimum sentence was too harsh. The trial court adequately identified all significant mitigating and aggravating circumstances, stated the specific reason why each circumstance was determined to be mitigating or aggravating, and articulated its evaluation and balancing of the circumstances.[9] *See, e.g., id.* at 18.

9. Jaco urges us to rely on *Dockery v. State,* 504 N.E.2d 291 (Ind.Ct.App.1987). In *Dockery,* we remanded for resentencing where the trial court found no mitigating facts. *Id.* at 297. However, the record demonstrated that Dockery was seventy-six (76) years of age, in poor health, had no previous criminal record, and had been a productive worker. *Id.* Additionally, the trial court found four aggravating factors, one of which was improper. *Id.* Thus, we remanded the cause to the trial court for a proper weighing of all aggravating and mitigating circumstances. *Id. Dockery* is distinguishable from the current case. Here, the trial court found appropriate aggravating and mitigating factors and appropriately articulated its balancing of the factors.

Jaco further argues that the offense and his character do not support the sentence imposed by the trial court. We will revise a sentence authorized by statute only if it is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The issue is not whether in our judgment the sentence is unreasonable, but whether it is "clearly, plainly, and obviously so." *Echols v. State*, 722 N.E.2d 805, 809 (Ind. 2000) (citing former Ind. Appellate Rule 17(B) (2000)).

During a weekend visitation with his daughter, Jaco removed her pants and "licked" her vagina for a "couple of minutes." Jaco also instructed C.J. not to tell anyone. While Jaco presented evidence of his reputation as a good employee and his payment of child support obligations, the evidence also demonstrated that he took advantage of a position of trust with his daughter. Given the nature of the offense and the character of the offender, we cannot say that the thirty-two year sentence was "clearly, plainly, and obviously" unreasonable. *See Singer*, 674 N.E.2d at 17.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J. and RILEY, J., concur.