**James David JACO, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 32S05–0211–CR–612.

Supreme Court of Indiana.

Nov. 12, 2002.

Paula M. Sauer, Danville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Defendant James David Jaco seeks a declaration that in a prosecution for child molesting committed by deviate sexual conduct, the trial court must instruct the jury that the State is required to prove that the defendant acted with the intent to arouse or satisfy sexual desires. The defendant in another case we decide today, *D'Paffo v. State,* 778 N.E.2d 798 (Ind. 2002), makes the same claim. For the reasons set forth in *D'Paffo,* we reject Jaco's claim.

*Background*

James David Jaco was convicted of child molesting, a Class A felony under Ind. Code § 35–42–4–3(a), for removing his twelve-year-old daughter's pants and "licking" her vagina for a "couple of minutes." Jaco was sentenced to thirty-two years in the Department of Correction. The trial court gave the jury both preliminary and final instructions regarding the necessary elements that the State was required to prove to convict Jaco. These instructions read:

The crime of child molesting, as charged in Count 1 of the information is defined by statute, in relevant part, as follows: A person who, with a child under fourteen (14) years of age, performs or submits to deviate sexual conduct commits child molesting, a Class "B" felony. However, the offense is a Class "A" felony if it is committed by a person at least twenty-one (21) years of age.

To convict the defendant of child molesting as a Class "A" felony, as charged, the State must prove each of the following elements beyond a reasonable doubt:

1. The defendant, James David Jaco,

2. Being at least 21 years of age,

3. Did perform deviate sexual conduct,

4. With C. J., a child under the age of fourteen (14) years.

If the State fails to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty of child molesting as charged in Count 1.

If the State does prove each of these elements beyond a reasonable doubt, you should find the defendant, James David Jaco guilty of child molesting as charged in Count 1.

Jaco did not object to either instruction during his trial. But in this appeal, he argues that "[in] failing to instruct the jury regarding the mens rea element of the offense—with intent to arouse or satisfy sexual desires of Jaco or the child—the trial court committed fundamental error."

In analyzing this claim, the Court of Appeals said:

Jaco was convicted of child molesting under Ind.Code § 35–42–4–3(a) which relates to a person who "performs or submits to sexual intercourse or deviate sexual conduct." Ind.Code § 35–42–4–3(a) does not explicitly require an intent to arouse or satisfy the sexual desires because such an intent is implicit in the use of the terms "sexual intercourse" and "deviate sexual conduct." For example, if an intent to arouse or satisfy the sexual desire was not inherent in the definition of deviate sexual conduct, medical examinations, such as a colonoscopy or gynecological examination, would arguably fit within the definition.

For this reason, the Court of Appeals said that "it would have been preferable to delineate the mens rea of the crime." However, the court held that the error did not rise to the level of fundamental error and affirmed Jaco's conviction and sentence. *Jaco v. State,* 760 N.E.2d 176, 182 (Ind.Ct.App.2001).

*Discussion*

On petition to transfer, Jaco asks this court to hold that it was fundamental error for the trial court to give an instruction on child molesting by deviate sexual conduct which failed to inform the jury that the defendant must act with the intent to arouse or gratify the sexual desires of himself or the child.[1]

---

1. Jaco also contends that the trial court abused its discretion by admitting a video-

taped statement from the victim pursuant to Ind.Code § 35–37–4–6 and that his sentence

Today in *D'Paffo v. State*, 778 N.E.2d 798 (Ind. 2002), we hold that the State is not required to prove intent to arouse or satisfy sexual desires in order to obtain a conviction of child molesting by committing deviate sexual conduct.[2] As such, we disapprove the view of the Court of Appeals that "an intent to arouse or satisfy the sexual desires . . . is implicit in the use of the terms 'sexual intercourse' and 'deviate sexual conduct.'" We hold instead that the trial court in the present case was correct in not instructing the jury that the State was required to prove that Jaco acted with the intent to arouse or satisfy sexual desires.

*Conclusion*

We grant transfer, thereby vacating the opinion of the Court of Appeals pursuant to Ind. Appellate Rule 58(A) (except on those issues described in footnote 1 *supra* with respect to which we summarily affirm), and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

is manifestly unreasonable. The Court of Appeals rejected both these claims. *Jaco*, 760 N.E.2d at 184. We summarily affirm the Court of Appeals as to these issues pursuant to Ind. Appellate Rule 58(A)(2).

2. In *D'Paffo,* we specifically discuss the "medical examination" example quoted above that was used by the Court of Appeals in this case and set forth the procedure to be employed by the trial court when presented with such a situation.