**Angelo D'PAFFO, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 28S04–0108–CR–377.

Supreme Court of Indiana.

Nov. 12, 2002.

Eugene Hollander, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James Martin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Defendant Angelo D'Paffo was convicted of child molesting by committing deviate sexual conduct. The Court of Appeals reversed on grounds that the jury had not been instructed that the State was required to prove that Defendant acted with the intent to arouse or satisfy sexual desires. We disagree and hold that the State is not required to prove intent to arouse or satisfy sexual desires in order to obtain a conviction of child molesting by committing deviate sexual conduct.

### Background

The facts most favorable to the judgment indicate that Defendant lived with his wife and his wife's child, C.P., from an earlier marriage. On the afternoon of July 9, 1998, eight year old C.P. had a friend, ten year old A.M., over to play. At some point during the afternoon, Defendant and A.M. were alone in the living room, and Defendant fondled A.M. Defendant then lifted up her skirt and inserted his finger into her vagina.

A short while later when A.M. went to the bathroom, A.M. discovered she was bleeding as a result of Defendant's actions. That night, A.M. told her mother she was bleeding, but initially told her mother that she had fallen on something. A.M. later told her mother about the actual events of that afternoon, and A.M.'s mother took her to the hospital. At the hospital, Dr. Greg-ory Wall examined A.M. and found her injuries to be indicative of sexual abuse. Dr. Wall contacted child protective services, and an investigation into the incident ensued thereafter. During this investigation, C.P. came forward with her own allegations that Defendant had fondled her on many occasions.

Defendant was arrested and charged with two counts of child molesting based on the investigation's findings. Count I charged him with molesting A.M. as a Class A felony, and Count II charged him with molesting C.P. as a Class C felony.[1] Defendant was convicted of Count I and found not guilty of Count II. He was sentenced to fifty years.

Defendant appealed his conviction to the Court of Appeals which reversed the trial court. *D'Paffo v. State*, 749 N.E.2d 1235 (Ind.Ct.App.2001). We granted transfer, 761 N.E.2d 416 (Ind.2001) (table), and now affirm the original conviction.

### Discussion

The State contends that the Court of Appeals erred in reversing Defendant's conviction. The Court of Appeals held that the trial court committed reversible error by failing to instruct the jury that in order to find Defendant guilty of the charged crime, it was required to find that the State had proven beyond a reasonable doubt that Defendant committed the charged conduct with the "intent to arouse or satisfy the sexual desires of [himself] or the child." *D'Paffo*, 749 N.E.2d at 1238. Although Defendant failed to seek such an instruction, the Court of Appeals found that the failure to include this element in the instructions constituted fundamental error, *i.e.*, reversible error, notwithstand-

---

1. Ind.Code § 35–42–4–3(a)(1) (1998).

ing Defendant's failure to preserve the issue for appeal. *Id.* at 1239.[2]

## I

Defendant was convicted under Indiana Code § 35–42–4–3(a) which provides:

> A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if . . . it is committed by a person at least twenty-one (21) years of age.

As discussed under *Background, supra,* Defendant was alleged to have inserted his finger in A.M.'s vagina, thereby committing deviate sexual conduct (defined by Ind.Code § 35–41–1–9(b) as "the penetration of the sex organ of a person by an object"). At issue in this case is whether it is an additional element of this crime that Defendant commit it with the "intent to arouse or satisfy the sexual desires of [Defendant] or the child" and, if so, the extent to which this element is required to be described in jury instructions.

## A

■ On its face, Ind.Code § 35–42–4–3(a) contains only four elements that the State must prove to establish guilt of child molesting: (1) the defendant, (2) with a child under fourteen years of age, (3) performed or submitted to, (4) sexual intercourse or deviate sexual conduct. Ind. Code § 35–42–4–3(a) does not contain language to the effect that a defendant perform or submit to the proscribed conduct with the "intent to arouse or satisfy the sexual desires of [defendant] or the child."

However, in this case and at least one other, the Court of Appeals has found the intent to arouse or satisfy element implicit in the statute. *D'Paffo,* 749 N.E.2d at 1239; *Clark v. State,* 728 N.E.2d 880, 885 (Ind.Ct.App.2000), transfer denied, 741 N.E.2d 1250 (Ind.200) (table).

We look to the context of the statute, as well as related statutes, in order to divine legislative intent. *See State v. Keihn,* 542 N.E.2d 963, 965, 967 (Ind.1989) ("Our goal in construing criminal statutes is generally to determine and effect the legislative intent.") Our effort to determine legislative intent here is aided by comparing the language the Legislature has used in defining this and other sex crimes in the sex crimes chapter of the criminal code, Ind.Code § 35–42–4. The crime of child molesting is defined in section 3 of the nine sections of chapter 4. Relevant to our inquiry are the following two subsections:

> (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if . . . it is committed by a person at least twenty-one (21) years of age.

> (b) A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

The language of subsections (a) and (b) are strikingly different. Subsection (b) includes additional language that refers to a

---

**2.** Defendant raises two additional issues in this appeal: that he was improperly restricted from cross-examining a witness at trial and that there was insufficient evidence to support his conviction. The Court of Appeals decided these issues against Defendant, *D'Paffo v. State,* 749 N.E.2d 1235, 1239, 1240 (Ind.Ct. App.2001), and we summarily affirm the Court of Appeals on these points. Ind. Appellate Rule 58(A)(2).

specific mental state that the defendant must have at the time of the alleged touching or fondling: the "intent to arouse or to satisfy the sexual desires of either the child or the older person...." The intent to arouse or satisfy element is not present in subsection (a)'s proscription of child molesting by sexual intercourse or deviate sexual conduct. (As noted *supra*, Defendant here was convicted under subsection (a).)

There is another difference between subsections (a) and (b). The conduct proscribed by subsection (a)—"sexual intercourse" and "deviate sexual conduct" both contain the adjective "sexual"; the conduct proscribed by subsection (b)—"touching" and "fondling"—does not. In fact, an inspection of all the crimes in the sex crimes chapter of the criminal code reveals that where the statutory language does not include the "intent to arouse or gratify sexual desires" language, the specific conduct proscribed—usually involving "sexual intercourse" or "deviate sexual conduct"—includes the adjective "sexual."

There are two opposing inferences that can be drawn from this pattern of legislative drafting. The first is that the Legislature intended for the State to prove the additional intent element only where the Legislature uses the explicit "intent to arouse or satisfy sexual desires" language (generally, where the proscribed conduct involves touching or fondling) but not where it does not (generally, where the proscribed conduct involves sexual intercourse or deviate sexual conduct). This is equivalent to the position the State urges in this appeal.

The second inference is that the Legislature did not see a need to spell out the additional intent element in the offenses involving sexual intercourse and deviate sexual conduct because that concept is already embodied in the use of the adjective "sexual." This is equivalent to the position the Defendant urges and the Court of Appeals adopted in this appeal and in *Clark.*

We adopt the position advanced by the State and hold that "intent to arouse or satisfy sexual desires" is not an element of Ind.Code § 35–42–4–3(a). We believe that the structure of Ind.Code § 35–42–4–3 and of the other crimes in the sex crimes chapter of the criminal code are best understood to include the "intent to arouse or satisfy sexual desires" element only where it is expressly set forth. What is at stake here is whether the Legislature meant to criminalize all sexual intercourse and deviate sexual conduct with children or only that performed with intent to arouse or satisfy sexual desires. We think it more likely that the Legislature meant to criminalize such conduct performed, for example, to perpetrate revenge or to coerce a parent to take some type of action, in addition to conduct performed to arouse or satisfy sexual desires.[3]

We believe this reading is at least consistent with, if not compelled by, our decision in *Canaan v. State,* 541 N.E.2d 894 (Ind.1989). The defendant in that case was convicted of attempted criminal deviate conduct.[4] The evidence in the case

---

3. We hold our statutory scheme similar in effect to that of Montana, Mont. Ann.Code § 45–2–101 (defendant must act to "cause bodily injury or humiliate, harass, or degrade; or arouse or gratify the sexual response of either party"); Utah, Utah Code Ann. § 76–5–401 (defendant must act with the "intent to cause substantial emotional or bodily pain to

any person or with the intent to arouse or gratify the sexual desire of any person"); and the District of Columbia, D.C.Code § 22–3001 (defendant must act with the "intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person").

4. The element of "criminal deviate conduct" includes causing another person to perform

showed that he had stabbed the female victim multiple times and that several of the wounds were close to, but had not penetrated, her vagina. Arguing that the evidence was insufficient to support the conviction, the defendant argued that, at most, the evidence only showed an undifferentiated intent to stab his victim multiple times but no intent whatsoever to achieve any sexual gratification. We held that there was no element of sexual gratification in the crime of deviate sexual conduct. As such, the fact that the jury could infer from the placement and direction of stab wounds an intent to penetrate the vagina itself constituted sufficient evidence of intent to commit deviate sexual conduct even in the absence of any evidence that the stabbing was performed with an intent to arouse or satisfy sexual desires. *Id.* at 907. We found it to be the Legislature's intent that "rape and other types of sexual attacks are not crimes of passion or sexual gratification, but rather, crimes of violence." *Id.* at 908. *See also Hughes v. State*, 600 N.E.2d 130, 132 (Ind.Ct.App. 1992) ("Rape is a crime of violence, not a crime of passion.") (Rucker, J.).

We acknowledge that our interpretation of the statutory language used by the legislature can cause some difficulty when considering the definition of "deviate sexual conduct" in the context of medical or personal hygiene related examinations and procedures. As we have discussed, the term "deviate sexual conduct" is defined in Ind.Code § 35–41–1–9 as "an act involving ... the penetration of the sex organ or anus of a person by an object." And the definition of the term "object" includes the use of one's fingers. *Stewart v. State*, 555 N.E.2d 121, 126 (Ind.1990), overruled on

other grounds by *Lannan v. State*, 600 N.E.2d 1334 (Ind.1992). (Indeed, the use of fingers formed the basis of Defendant's prosecution in this case.) In holding that the "intent to arouse or satisfy sexual desires" is inherit in the legislature's use of the terms "sexual intercourse" and "deviate sexual conduct," Judge Sharpnack wrote:

> For example, if an intent to arouse or satisfy the sexual desire was not inherent in the definition of deviate sexual conduct, medical examinations, such as a colonoscopy or gynecological examination, would arguably fit within the definition.

*Jaco v. State*, 760 N.E.2d 176, 181 (Ind.Ct. App.2001), vacated in relevant part, 778. N.E.2d 803 (Ind. 12, 2002).

■ It is well established that conviction of child molesting requires the State to prove beyond a reasonable doubt criminal intent on the part of the defendant. *Louallen v. State*, 778 N.E.2d 794 (Ind. 2002); *Snider v. State*, 468 N.E.2d 1037, 1039 (Ind.1984); *Newton v. State*, 456 N.E.2d 736, 745 n. 1 (Ind.Ct.App.1983). Where the evidence warrants an inference that an alleged penetration of the sex organ or anus of a person by an object was in furtherance of a bona fide medical or personal hygiene-related examination or procedure, we believe that defendant would be entitled to an appropriate instruction as to criminal intent. We do note that no such issue is raised by this case as Defendant claims not to have committed the alleged conduct at all.

---

or submit to "deviate sexual conduct." Ind. Code § 35–42–4–2. "Deviate sexual conduct" is defined in Ind.Code § 35–41–1–9 as "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object."

We conclude that the elements of the crime of child molesting under Ind.Code § 35–42–4–3(a) do not include the intent to arouse or satisfy sexual desires. We therefore disapprove the opinions of the Court of Appeals on this issue in *Bear v. State*, 772 N.E.2d 413, 418 (Ind.Ct.App. 2002), *transfer denied; Scott v. State*, 771 N.E.2d 718, 728 (Ind.Ct.App.2002), *transfer denied*, 2002 Ind. Lexis 799 (2002); *Jaco*, 760 N.E.2d at 181; and *Clark*, 728 N.E.2d at 885.

### Conclusion

Having previously granted transfer pursuant to Ind. Appellate Rule 58(A), we now summarily affirm the opinion of Court of Appeals as to the issues discussed in footnote 2 and affirm Defendant's conviction for child molesting as a Class A felony.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.