**David E. PURVIS, Appellant (Defendant Below),**

v.

**STATE of Indiana on the relation of Michael M. PACKARD, Commissioner of the State of Indiana, Appellee (Plaintiff Below).**

No. 1–184A6.

Court of Appeals of Indiana, First District.

July 30, 1984.

Rehearing Denied Sept. 10, 1984.

G. Terrence Coriden, Lawson, Pushor, Mote & Coriden, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant, David E. Purvis (Purvis) appeals a decision from the Bartholomew Circuit Court finding him to be an Habitual Traffic Offender.

We affirm.

Purvis was adjudged to be an Habitual Traffic Offender at a hearing on September 19, 1983. The judgment was based on certified abstracts from the Bureau of Motor Vehicles which were introduced into evidence without objection. The abstracts indicated that David E. Purvis of 703 Della Road, Columbus, Indiana, had been convicted of driving under the influence on three prior occasions and driving while suspended once.

Purvis was not present at the hearing on September 19, 1983. The trial court's original order required him to appear, but later orders continuing the hearing did not.

On appeal, Purvis contends that the State of Indiana failed to prove the identity element of its claim and that the trial court should not have found him, in his absence, to be the same person as named in the certified abstracts.

■ Indiana Code 9–4–13–10; the statute then in effect, reads, as follows:

> At the time and place designated in the order, the court shall hold a hearing upon the show cause order. If the court finds that the defendant is not the person named in the abstracts, or that he is not an habitual traffic offender, the proceeding shall be dismissed. If the court finds that the defendant is the same person named in the abstracts and that the defendant is an habitual traffic offender,

the court shall find and adjudge the defendant an habitual traffic offender, and shall by appropriate order direct the person so adjudged to surrender to the court his license to operate a motor vehicle, and by further order direct the person so adjudged not to operate a motor vehicle on the streets and highways of this state for a period of ten [10] years, ...

What is required by the hearing is that a defendant be given sufficient notice and opportunity to be heard in order to satisfy his due process rights. *See, Owens v. State ex rel. Van Natta,* (1978) 178 Ind. App. 406, 382 N.E.2d 1312, 1314–1315. The hearing gives an individual the chance to challenge the information contained in the certified abstracts. *See, Bryant v. State ex rel. Van Natta,* (1980) Ind.App., 405 N.E.2d 583.

 IND.CODE 9–4–13–7,[1] also in effect at that time, clearly stated that certified abstracts from the Bureau of Motor Vehicles shall be prima facie evidence that the person named therein was duly convicted of the charge, or charges, stated in the abstract. Here, Purvis appeared before the court in response to an affidavit and court order charging David E. Purvis of 703 Della Road, Columbus, Indiana, with being an habitual traffic offender. The same name and address appear on the Bureau of Motor Vehicles' records. Purvis was represented at the hearing by counsel who made no objection to the introduction of the certified abstracts. In order to preserve an error for review, a proper objection must be made when the evidence is offered.

Furthermore, we have stated that the habitual traffic offender proceeding is a civil proceeding which is quasi-administrative in nature, since it is performed on behalf of the Bureau of Motor Vehicles. *Owens v. State, supra,* 382 N.E.2d at 1314. As such, the State need not establish its case beyond a reasonable doubt. *See,*

*Steward v. State,* (1982) Ind.App., 436 N.E.2d 859, 862 (hearing on suspension of driving privileges for refusal to take breathalyzer test). Also, when reviewing a trial court's decision, we look at the evidence in a light most favorable to the trial court and we will not reweigh the evidence. *Id.*

Thus, in light of the evidence presented and the fact that no objection was made at the time of the hearing, Purvis' argument is without merit. Sufficient evidence was presented to establish a clear nexus between Purvis and the abstracts. We cannot allow an individual to intentionally circumvent the judicial process by failing to appear at a hearing and then alleging that the State did not meet its burden of proof on the issue of identification.

Judgment affirmed.

NEAL, P.J., and RATLIFF, J., concur.

---

1. I.C. 9–4–13–7 Evidence—Admissibility and effect—The documents certified by the commissioner shall be admissible as evidence. The certified abstracts shall be prima facie evidence that the person named therein was duly convicted of the charge or charges, stated in the abstract.