**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 03 2012, 8:59 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TYLER D. HELMOND**
Voyles, Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| EDMOND D. MARTIN, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 81A04-1112-MI-691 |
| | ) |
| STATE OF INDIANA ex rel. RONALD | ) |
| JORDAN, UNION COUNTY PROSECUTING | ) |
| ATTORNEY AND THE INDIANA BUREAU | ) |
| OF MOTOR VEHICLES, | ) |
| | ) |
| Appellees-Defendants. | ) |

APPEAL FROM THE UNION CIRCUIT COURT
The Honorable Matthew R. Cox, Judge
Cause No. 81C01-1112-MI-250

**April 3, 2012**

**MEMORANDUM DECISION—NOT FOR PUBLICATION**

**BRADFORD, Judge**.

Appellant-Petitioner Edmond Martin appeals following the trial court's denial of his petition for judicial review in which he sought to invalidate his driver's license suspension on grounds of improper notice. Upon appeal, Martin contends that this lack of proper notice violated a statutory requirement and his due process rights and that there was insufficient evidence to support certain of the trial court's findings. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2002, the Indiana Bureau of Motor Vehicles ("BMV") recorded two addresses for Martin: 3665 Jobe Road, Brownsville, Indiana, 47325; and Route 1, Box 27, Brownsville, Indiana, 47325. On May 15, 2008, the Marion Superior Court entered judgments against Martin for the traffic violations of speeding and driving while suspended. On March 18, 2009, the BMV sent notice to Martin at his Jobe Road address that his license would be suspended from April 21, 2009 to April 19, 2019 for being a habitual traffic violator.

On December 6, 2011, Martin filed a petition for judicial review, seeking to invalidate his license suspension on the grounds that the notice had been sent to his Jobe Road address only. Martin claimed in his petition that his last known address was the Route 1, Box 27 address also contained in the BMV records. Following the State's response seeking summary disposition, the trial court summarily denied Martin's petition. In its order, the trial court found that the BMV had properly mailed notice to Martin at one of his last two known

2

addresses which "presumably Martin himself [had] provided to the [BMV]." App. p. 28.

This appeal follows.

## DISCUSSION AND DECISION

Martin challenges the trial court's denial of his petition for judicial review by claiming that (1) the lack of notice to his Route 1, Box 27 address was statutorily inadequate and violated his procedural due process rights and (2) the trial court's finding that the Jobe Road address was his last known address was unsupported by the record.

### I.    Standard of Review

A habitual traffic offender proceeding is a civil proceeding which is quasi-administrative in nature, since it is performed on behalf of the BMV. *Purvis v. State ex rel. Packard*, 466 N.E.2d 736, 738 (Ind. Ct. App. 1984). When reviewing a trial court's decision, this court looks at the evidence in a light most favorable to the trial court, and we will not reweigh the evidence. *Id.* The petitioner bears the burden of proof to prevail in a proceeding involving a petition for judicial review. *See* Ind. Code § 9-30-10-7(c) (2008).

### II.    Analysis

Indiana Code section 9-30-10-5(a) (2008) provides as follows:

> If it appears from the records maintained in the bureau that a person's driving record makes the person a habitual violator under section 4 of this chapter, *the bureau shall mail a notice to the person's last known address* that informs the person that the person's driving privileges will be suspended in thirty (30) days because the person is a habitual violator according to the records of the bureau.

(Emphasis supplied). Martin contends that the BMV failed to comply with the above statutory requirement because his last known address was the Route 1, Box 27 address, rather

3

than the Jobe Road address to which his notice was mailed. As Martin concedes, both addresses were on file at the BMV and current at the time. In Martin's view, when the BMV has two last known addresses on file, it must mail notice to each address.

Regardless of whether Martin received proper notice, the remedy he seeks—namely, invalidation of his license suspension—is not automatically available. Untimely or incomplete notice of license suspension does not justify automatic reversal of the suspension. *State v. Hammond*, 761 N.E.2d 812, 815 (Ind. 2002). Rather, the only remedy available to Martin for this alleged defect in process is an extended time frame during which to challenge his suspension on the merits. *See id.* Martin does not challenge the merits of his suspension, nor does he seek an extension of time to pursue such a challenge.

To the extent Martin contends that the claimed inadequate notice deprived him of procedural due process, his instant petition for judicial review—which is the very remedy provided for by statute—demonstrates that it did not. *See* Ind. Code §§ 9-30-10-6(d) and -7. Martin makes no argument that any apparent delay in his receipt of notice worked to his detriment, and he faced no statutory time limitation for filing his petition for judicial review. Accordingly, we must conclude that the trial court did not abuse its discretion in declining to invalidate Martin's license suspension based upon a claimed error in notice.

Having concluded that Martin's challenge to notice does not permit the remedy he seeks, we find it unnecessary to consider whether the trial court's fact-findings relating to such notice are supported by the record.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.