Joey E. HILL, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8706–CR–547.

Supreme Court of Indiana.

Jan. 12, 1989.

Daniel L. Bella, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was charged with Murder. A jury trial resulted in a conviction of Voluntary Manslaughter, a Class B felony, for which appellant received a sentence of twenty (20) years.

The facts are: On September 19, 1986, appellant and the victim had been arguing concerning an alleged debt owed to the victim by appellant. Earlier in the evening a similar altercation had occurred in which the victim threatened appellant with a gun. At that time, appellant had given the victim $10 to quiet him down. While the two were inside Dobbie's Bar and Grill in Gary, Indiana, appellant was talking on the telephone and the victim continued to argue with appellant. The victim then left the bar and a witness heard appellant state to the person to whom he was talking on the telephone that if the victim laid a hand on him when he left the bar he would kill the victim.

Appellant went outside and was grabbed by the victim and thrown against an automobile. Appellant then drew a .38 caliber revolver and shot the victim. As the victim was on the ground on his hands and knees, appellant shot him a second time. The victim died of the wounds.

Appellant's sole assignment of error is that the verdict is contrary to the evidence in that the evidence shows that he shot the victim in self-defense. Appellant concedes that this Court will not weigh the evidence, as that is the prerogative of the jury, citing *Kimmel v. State* (1981), 275 Ind. 575, 418 N.E.2d 1152, *cert. denied.*, 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239. However, he argues there is no evidence in the case which would negate his claim of self-defense.

We do not agree with appellant in that regard. Appellant was fully aware throughout the evening that the victim was disturbed with him concerning an alleged debt. Yet he made no attempt to absent himself from the presence of the victim. As stated above, he was heard to say to a person on the telephone that if the victim laid a hand on him he would kill him. He then deliberately walked outside the bar where he knew the victim was waiting. Even if we would assume for the sake of argument that appellant were justified in firing the first shot which knocked the victim to his hands and knees, he nevertheless proceeded to fire a second shot into the body of the victim. This situation closely parallels the facts in *Schlegel v. State* (1958), 238 Ind. 374, 150 N.E.2d 563, wherein this Court held that when the victim is felled by a first shot, which might have been justified in self-defense, the firing of a second shot into the body of the victim cannot be justified as self-defense.

It was for the jury in this case to weigh these facts and make the determination of appellant's guilt. We see nothing in this

record to justify our overriding of the jury's decision.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.