**Toney L. BROWN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–9901–CR–19.

Supreme Court of Indiana.

Nov. 15, 2000.

Catherine M. Morrison, Wolf & Morrison, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Michael McLaughlin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Toney L. Brown was convicted of murder, attempted murder, and carrying a handgun without a license for shooting two men in a fight. We find that the State had sufficient evidence to overcome his claim of self-defense and that the trial court did not err in rejecting his proposed jury instruction on self-defense because the court's own instructions were adequate.

We have jurisdiction over this direct appeal because the longest single sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

The facts most favorable to the verdict indicate that on October 20, 1997, a group of people gathered on a near eastside Indianapolis street. The gathering included Defendant and the victims, Jason McEwan and Ron Cooper. Two of the younger people in the group began arguing and spitting at each other drawing Cooper and Defendant into the confrontation. Defendant pulled out a revolver and shot Cooper in the chest, seriously wounding him. Defendant then backed up as he was firing, fatally hitting McEwan three times. At one point, as Defendant was backing up down the street, he stopped, reloaded, and continued firing.

The State charged Defendant with Murder,[1] Attempted Murder, a Class A felony,[2] and with Carrying a Handgun Without a

---

1. Ind.Code § 35–42–1–1 (1993).

2. *Id.* §§ 35–41–5–1 and 35–42–1–1.

License, a Class A misdemeanor.[3] A jury found Defendant guilty on all counts. The trial court sentenced Defendant to 60 years for the murder, 30 years for the attempted murder, and 365 days for the handgun violation. The court ran the sentences concurrently.

*Discussion*

I

■ Defendant contends that the State's evidence was insufficient to disprove his self-defense claim beyond a reasonable doubt.

■ "Self-defense is recognized as a valid justification for an otherwise criminal act." *Miller v. State*, 720 N.E.2d 696, 699 (Ind.1999). "A person is justified in using reasonable force against another person to protect himself ... from what he reasonably believes to be the imminent use of unlawful force." Ind.Code § 35–41–3–2(a) (1993). Self defense is established if a defendant (1) was in a place where the defendant had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *See Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000); *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995).

■ Defendant correctly points out that the State carries the burden of disproving self-defense. *See, e.g., Wooley v. State*, 716 N.E.2d 919, 926 (Ind.1999). Therefore, once a defendant claims self-defense, the State bears the burden of disproving at least one of the elements beyond a reasonable doubt. *See Miller*, 720 N.E.2d at 700. The State may meet its burden of proof by "rebutting the defense directly, by affirmatively showing that the defendant did not act in self defense, or by simply relying upon the sufficiency of its evidence in chief." *Id.* (finding that the State's evidence was sufficient to disprove the defendants self-defense claim where the defendant claimed that he saw the victim reach for a weapon, but the State offered evidence that the victim was unarmed); *See also Davis v. State*, 456 N.E.2d 405, 408 (Ind.1983).

■ "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." *Wallace*, 725 N.E.2d at 840; *Sanders v. State*, 704 N.E.2d 119, 123 (Ind.1999). In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. *See Garland v. State*, 719 N.E.2d 1236, 1238 (Ind.1999). We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *Sanders*, 704 N.E.2d at 123. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See Brown v. State*, 720 N.E.2d 1157, 1158 (Ind.1999).

Defendant's self-defense claim here is supported by his own testimony that Cooper pulled out a gun and "fired two shots," that McEwan pulled out a knife, and that Defendant was "Scared for his life." (R. at 710–14.) He testified that he shot Cooper in self defense and began running while shooting backwards, unintentionally hitting McEwan. The State's evidence, however, adequately refuted Defendant's self-defense claim: Cooper and Deon Perkins testified that Cooper was unarmed; there were no guns recovered at the scene; and besides Defendant's testimony, there was no other evidence that Cooper was armed. Additionally, Defendant shot McEwan three times, and "we have previously held that the firing of multiple shots undercuts a claim of self-defense." *Miller*, 720 N.E.2d at 700. *See also Hill v. State*, 532 N.E.2d 1153, 1153 (Ind.1989) (finding sufficient evidence existed to negate the defendant's self-defense claim where the defendant shot the victim a second time

---

**3.** *Id.* § 35–47–2–1.

after the victim fell to his hands and knees).

It is not disputed that Defendant shot McEwan and Cooper, and the evidence most favorable to the verdict suggests that Defendant did not have a reasonable fear of death or great bodily harm. Consequently, we find that there was sufficient probative evidence for a reasonable jury to conclude that Defendant did not shoot in self-defense.

## II

■ Defendant also contends that the trial court committed reversible error by refusing his tendered self-defense instruction.

The defense tendered the following instruction:

Whoever, being himself without fault and in a place where he has a right to be, so far as his assailant is concerned, is assaulted, he may, without retreating, repel by force; and he need not believe that his safety requires him to kill his adversary in order to give him a right to make use of force for that purpose. When from the act of his assailant, he believes, and has reasonable ground to believe, that he is in danger of losing his life or receiving great bodily harm from his adversary, the right to defend himself from such danger or apprehended danger may be exercised by him; and he may use it to any extent which is reasonably necessary, and if his assailant is killed as a result of the reasonable defense of himself, he is excusable in the eyes of the law. The question of the existence of such danger, the necessity or apparent necessity, as well as the amount of force necessary to employ to resist the attack can only be determined from the standpoint of the defendant at the time and under all the then existing circumstances. Ordinarily one exercising the right to self-defense is required to act upon the instant and without time to deliberate and investigate and under such circumstances a danger which exists only in appearance, is as real and imminent to him as if it were actual.

A person in the exercise of the right of self defense must act honestly and conscientiously.

When all danger and all apparent danger of the loss of life, or of receiving great bodily harm, from the assault of his assailant is at an end and passed, then the right to use force is at an end and should cease. The person exercising the right of self-defense must honestly believe, and have reasonable ground to believe, when he makes use of force to protect himself from an assailant, that at the time he uses the force it is then necessary to do so to protect his life, or to protect his person from great bodily harm.

One who is in no apparent danger, and who apprehends no danger and who has no reasonable ground for such apprehension cannot kill another and successfully interpose the defense of self-defense.

(R. at 78–79.) The court refused the instruction, stating that it was "too complicated and confusing." (R. at 751.)

■ When evaluating whether a trial court abused its discretion by refusing a tendered instruction, we consider whether: (1) the tendered instruction correctly stated the law; (2) there was evidence in the record to support the giving of the instruction; and (3) the substance of the instruction is covered by other instructions given by the court. *See Cline v. State*, 726 N.E.2d 1249, 1256 (Ind.2000); *Stahl v. State*, 616 N.E.2d 9, 11 (Ind.1993).

Here, we find that Defendant's tendered instruction fails the third prong of the test—its substance was covered by other instructions given by the court. The trial court gave the jury a self-defense instruction as well as two additional instructions to clarify certain concepts of self-defense. The trial court's preliminary and final instruction to the jury included the following self-defense instruction No. 33(A):

The defense of self defense is defined by law as follows:

A person is justified in using reasonable force against another person to pro-

tect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that the force is necessary to prevent serious bodily injury to himself or a third person or to prevent the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary.

To prevail on a claim of self defense, the defendant must show that he was in a place where he had a right to be, that he acted without fault, and that he had a reasonable fear or belief of imminent death or great bodily harm.

The State has the burden of disproving the defense of self defense beyond a reasonable doubt.

(R. at 97, 128.)

The trial court also included instruction No. 33(B), which stated in part that "Reasonable belief means such belief as an ordinary reasonable person would possess under all the existing circumstances and as viewed from the perspective of such person within the total set of circumstances…" (R. at 129.) Additionally, the trial court gave instruction No. 33(D), which included the following statement:

The question of the existence of an apparent danger and the amount of force necessary to resist force, can only be determined from the standpoint of the defendant, at the time and under the then existing circumstances. The defendant may use such force as may reasonably be necessary to resist such attack or apparent attack. He will not be accountable for an error in judgment as to the amount of force necessary, provided he acted reasonably and honestly. One who was in no apparent danger and had no reasonable ground for apprehension of danger cannot raise this defense.

(R. at 131.)

Defendant specifically complains that the trial court's instructions did not incorporate "the importance of [his] state of mind." Appellant's Br. at 8. We disagree. The instruction tendered by Defendant merely repeated the elements in the trial court's instruction and did not shed light on any other aspects of self-defense. The trial court's instructions specifically stated that the existence of danger and the amount of force necessary to resist force "can only be determined from the standpoint of the defendant, at the time and under the then existing circumstances." (R. at 131.)

We find the language in the trial court's instructions pertaining to Defendant's state of mind nearly identical to the language in Defendant's tendered instruction. The trial court's instructions also echo the instructions that this Court suggested in *French v. State*, 273 Ind. 251, 403 N.E.2d 821 (1980), including the passage regarding the defendant's state of mind. *Id.* at 823–24 ("The question of the existence of such danger, the necessity or apparent necessity, as well as the amount of force necessary to employ to resist the attack can only be determined from the standpoint of the defendant at the time and under all the then existing circumstances.").

The trial court's instructions adequately instructed the jury on self-defense and were especially fair in emphasizing the aspects of self-defense concerning Defendant's state of mind. Defendant's tendered instruction would have been repetitive and was therefore unnecessary. Accordingly, we find that the trial court did not abuse its discretion by refusing Defendant's tendered instruction.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.