**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 03 2014, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELLI GREENE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-241 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Christina Klineman, Judge *Pro-Tempore*
Cause No. 49F10-1306-CM-29704

**November 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Brent Darden has been romantically involved and has daughters with both Latina Wade and Appellant-Defendant Kelli Greene. On April 14, 2013, Greene was involved in an altercation with Wade. During the altercation, Greene hit, bit, and punched Wade. As a result of the altercation, on June 12, 2013, Appellee-Plaintiff the State of Indiana (the "State") charged Greene with Class A misdemeanor battery.

On February 24, 2014, the trial court conducted a bench trial. Greene did not dispute during trial that she had been involved in an altercation with Wade on April 14, 2013. Greene argued, however, that Wade was the instigator of and aggressor during the altercation and that she merely acted in self-defense. Contrary to Greene's assertion, Wade testified that Greene was the instigator of and aggressor during the altercation. At the conclusion of trial, the trial court found Greene guilty as charged. The trial court subsequently sentenced Greene to 365 days of imprisonment, with credit for time served and the remainder suspended to probation. On appeal, Greene contends that the evidence is insufficient to sustain her conviction because the State failed to rebut her claim of self-defense. Concluding that the evidence presented by the State was sufficient to sustain Greene's conviction and to rebut her claim of self-defense, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment of the trial court are as follows: Wade and Darden have a daughter together. As of April of 2013, Wade and Darden did not have contact with each other and "had not been talking for about a year." Tr. p. 20. When Darden

2

exercised visitation with his and Wade's then seven-year-old daughter, Wade would make arrangements to drop her daughter off with members of Darden's family. Wade would also make arrangements with members of Darden's family to pick up her daughter at the end of the visitation period. At the time of the altercation, Darden and Greene were involved in a romantic relationship. Darden and Greene also have a daughter together.

Darden and Greene held a birthday party for their daughter's first birthday during the afternoon or early evening hours of April 14, 2013. Later that day, Wade, a registered nurse, went to Darden's mother's residence to pick up her daughter. Wade and Darden's mother, Carol, had previously arranged that Wade would do so. When Wade arrived at Carol's residence, Wade saw Greene. Greene was standing "in the only parking space that [Wade] could pull in." Tr. p. 13. Wade also saw her daughter standing on the porch of the residence. When Wade got out of her vehicle to tell her daughter to "come on," tr. p. 14, Greene displayed an angry demeanor, "came up to [Wade's] car," and started yelling. Tr. p. 15. Darden "also came to [Wade's] car." Tr. p. 15. Greene and Darden "started pushing [Wade] towards [her] car." Tr. p. 15. After Wade asked "what's going on," Greene and Darden responded "this is what you get, this is what you deserve" and attacked Wade. Tr. p. 15.

Greene and Darden grabbed, pushed, and hit Wade. When Wade and Greene fell to the ground, Darden "held [Wade]'s legs while [Greene] was on top of [her]." Tr. p. 17. Wade attempted to get up. When Wade tried to get back into her vehicle, Greene attacked her again. Wade described the altercation as going "back and forth" with both Greene and Darden attacking her. Tr. p. 17. Darden went to the passenger side of Wade's vehicle and

3

held her wrists while Greene "was on top of" Wade, hitting, biting, and punching her. Tr. p. 17. Greene was on top of Wade when Officer Katrina Robinson arrived at the scene. Officer Robinson then "got [Greene] off the top of [Wade]." Tr. p. 17. Wade, who "was exhausted" after completing a twelve hour shift, "just wanted to get [her] daughter" and "didn't know what the problem was." Tr. p. 16. As a result of the altercation, Wade suffered pain, bruising, and scratches.

On June 12, 2013, the State charged Greene with Class A misdemeanor battery. On February 24, 2014, the trial court conducted a bench trial. During trial, both Greene and Wade testified. Wade testified that Greene initiated the altercation, while Greene testified that she acted in self-defense. At the conclusion of the presentation of evidence, the trial court found Greene guilty. The trial court subsequently sentenced Greene to 365 days of imprisonment, with credit for time served and the remainder suspended to probation. This appeal follows.

## DISCUSSION AND DECISION

Greene contends that the evidence is insufficient to sustain her conviction for Class A misdemeanor battery.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The

4

evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

On the date in question, the offense of battery was governed by Indiana Code section 35-43-1-2, which provided, in relevant part, that "(a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: (1) a Class A misdemeanor if: (A) it results in bodily injury to any other person." "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a).

In arguing that the evidence is insufficient to sustain her conviction, Greene contends that the State failed to provide sufficient evidence to rebut her claim of self-defense.

"Self-defense is recognized as a valid justification for an otherwise criminal act." *Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999). The elements of self-defense are defined by statute:

A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he

5

> reasonably believes that that force is necessary to prevent serious bodily injury to himself....
>
> Ind. Code § 35-41-3-2(a). Force is not justified if the defendant enters into combat with another person or is the initial aggressor, unless the defendant communicates an intent to withdraw and the other person nevertheless continues or threatens to continue unlawful action. Ind. Code § 35-41-3-2(d)(3).
>
> Essentially, self-defense is established if a defendant: (1) was in a place where the defendant had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *See Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000); *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). The State carries the burden of disproving self-defense. *Brown v. State*, 738 N.E.2d 271, 273 (Ind. 2000). Thus, once a defendant claims self-defense, the State bears the burden of disproving at least one of the elements beyond a reasonable doubt. *Id.* The State may meet its burden of proof by rebutting the defense directly, by affirmatively showing that the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. *Id.*

*Brand v. State*, 766 N.E.2d 772, 777 (Ind. Ct. App. 2002).

In the instant matter, the State, relying on the sufficiency of its evidence in chief, sufficiently rebutted Greene's claim of self-defense. In support of her self-defense claim, Greene testified that during the early evening hours of April 14, 2013, she was standing outside Carol's residence smoking a cigarette when Wade pulled her vehicle into the driveway. Greene claimed that Wade's vehicle was traveling at a high rate of speed and that she had to jump out of the way to avoid being hit by Wade's vehicle. Greene claimed that she and Wade then exchanged words, after which Wade hit Greene in the left eye with a closed fist.

Wade, however, testified that she did not touch Greene first. Specifically, Wade testified that shortly after she arrived at Carol's residence, Greene and Darden began to grab,

6

push, and hit her. At some point she and Greene fell to the ground, after which Darden "held [her] legs while [Greene] was on top of [her]." Tr. p. 17. When Wade tried to get back into her vehicle, Greene attacked her again. Wade described the altercation as going "back and forth" with both Greene and Darden attacking her. Tr. p. 17. Darden went to the passenger side of Wade's vehicle and held her wrists while Greene "was on top of" Wade, hitting, biting, and punching her. Tr. p. 17. Greene was on top of Wade when officers arrived and "got [Greene] off the top of [Wade]. Tr. p. 17. Wade further testified that while she did attempt to defend herself and push Greene off of her, she did not hit Greene.

Consistent with Wade's testimony, Officer Robinson testified that when she arrived at the scene, she observed Greene "on top of [Wade], and they were both in [Wade's] vehicle." Tr. p. 36. Even after Officer Robinson separated Wade and Greene, Greene remained very agitated and continued to attempt to provoke Wade. Specifically, Officer Robinson testified that Greene again approached Wade and began yelling at her when Officer Robinson briefly returned to her vehicle.

It is well-established that the trial court, acting as the trier-of-fact, was free to believe or disbelieve the varying accounts regarding the altercation and to weigh said testimony accordingly. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004); *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996); *Moore v. State*, 637 N.E.2d 816, 822 (Ind. Ct. App. 1994), *trans. denied*. The guilty finding indicates that the trial court found Wade's account of the altercation to be more believable. Again, Wade's testimony, as corroborated by Officer Robinson, demonstrates that Greene was the instigator of and aggressor during the

7

altercation. As such, we conclude that Wade's testimony is sufficient to both prove that Greene committed the charged offense and to rebut Greene's claim of self-defense. Greene's claim to the contrary effectively amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.