## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah K. Smith
Thorntown, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Laura Gaye Perry,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 31, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2986<br><br>Appeal from the Boone Superior Court<br><br>The Honorable Bruce E. Petit, Judge<br><br>Trial Court Cause No.<br>06D02-1802-CM-243 |

**Altice, Judge**

## Case Summary

[1] Laura Gaye Perry appeals her conviction for battery, a Class B misdemeanor, claiming that the evidence was not sufficient to negate her claim of self-defense.

[2] We affirm.

## Facts and Procedural History

[3] On November 20, 2017, at approximately 4:30 p.m., Brianna Lowery drove Perry's granddaughter, Savannah,[1] to Perry's house in Lebanon for a visit. Perry was reportedly ill that day and she had no advance notice of Lowery's plan to leave Savannah with her.

[4] After Savannah got out of Lowery's vehicle, Perry walked outside and motioned for Lowery to wait for her. As Perry approached the vehicle, Lowery rolled down the passenger window. Perry then opened the passenger side door, leaned into the vehicle, and put her knee on the front seat. Perry moved closer to Lowery and began shouting at her as to why she was dropping off Savannah.

---

[1] Savannah is the daughter of Lowery's boyfriend.

[5]     Perry was spitting while she was yelling at Lowery, and at one point, she grabbed Lowery's arm and pulled her hair. In response, Lowery pushed at Perry's back and asked, "do you really want to grab hair?" *Transcript Vol. II* at 14. Perry then removed the car keys from the ignition and tossed them into an alley.

[6]     When Lowery got out of her car to retrieve the keys, Perry walked up to Lowery, grabbed her hair, and tried to pull her to the ground. After Lowery was able to free herself, Perry went back to her residence and Lowery called the police.

[7]     Lebanon City Police Officer Aaron Carlson responded to the call and saw Lowery standing in the alley next to her car. The passenger and driver doors were open, and Lowery was holding a clump of her own hair that Perry had pulled from her head. Lowery provided a statement to Officer Carlson, recounting the above events.

[8]     Officer Carlson walked up to the residence to speak with Perry. When Perry came to the door, Officer Carlson noticed a red mark on her left cheek, but she did not complain of any other injuries. Perry was argumentative and verbally abusive toward Officer Carlson and other officers who subsequently arrived at the scene. Officer Carlson noticed that Perry smelled of alcohol, so he called the Department of Child Services (DCS) because minor children were in Perry's care.

[9] When DCS personnel arrived, Perry provided a statement to Officer Carlson, claiming that Lowery started the altercation when Lowery called her a bitch and pulled her hair. Perry stated that she responded by pulling Lowery's hair and that Lowery then shoved her to the ground.

[10] On February 2, 2018, the State charged Perry with one count of battery, a Class B misdemeanor. Following a bench trial on July 26, 2019, Perry was found guilty as charged and sentenced to 180 days of incarceration, all suspended, with 365 days on probation. Perry now appeals.

## Discussion and Decision

[11] Perry challenges the sufficiency of the evidence, claiming that the State failed to rebut her claim of self-defense. Specifically, Perry claims that her conviction must be reversed because it was Lowery who instigated the physical altercation and that she struck Lowery only in self-defense.

[12] Self-defense is governed by Ind. Code § 35-41-3-2. A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. *Brown v. State,* 738 N.E.2d 271, 273 (Ind. 2000); *Morell v. State,* 933 N.E.2d 484, 491 (Ind. Ct. App. 2010). "A person is justified in using reasonable force against any other person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(c).

[13] To prevail on a claim of self-defense, Perry must show that she: (1) was in a place where she had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Morell,* 933 N.E.2d at 491. Once a defendant raises a claim of self-defense, the State has the burden of negating at least one of the necessary elements. *Wilson v. State,* 770 N.E.2d 799, 801 (Ind. 2002). The State may satisfy its burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by relying on the sufficiency of the case-in-chief. *Richardson v. State,* 79 N.E.3d 958, 964 (Ind. Ct. App. 2017), *trans. denied.* Whether the State has met its burden is a question for the trier of fact. *Id.* The State satisfies this burden by presenting evidence of probative value from which a reasonable trier of fact could have found that the defendant did not validly act in self-defense and that she was guilty of the offenses charged. *Morell,* 933 N.E.2d at 492.

[14] The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as that used for any claim of insufficient evidence. *Wilson,* 770 N.E.2d at 800. We neither reweigh the evidence nor judge the credibility of witnesses. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147. Where contradictory or inconsistent testimony is presented at trial, it is up to the fact finder to resolve such conflicting testimony. *Brown v. State,* 830 N.E.2d 956, 968 (Ind. Ct. App. 2005). And in our review, we consider conflicting evidence most favorably to the

verdict. *Boggs v. State,* 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), *trans. denied.* We will reverse a conviction only if no reasonable person could say that the State negated the defendant's self-defense claim beyond a reasonable doubt. *Wilson,* 770 N.E.2d at 800-01.

[15] To prove the offense of battery as a Class B misdemeanor, the State must show that the defendant knowingly or intentionally touched another person in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1 (c)(1). At trial, Lowery testified that Perry approached her vehicle, opened the passenger side door, grabbed her arm, and pulled her hair. In response, Lowery grabbed Perry's back, whereupon Perry removed the car keys from the ignition, threw them into alley, and started to walk away. However, when Lowery kneeled down to pick up her the keys, Perry approached again, grabbed Lowery's hair, and tried to drag her to the ground. When Officer Carlson arrived at the scene, he observed and photographed Lowery holding the clump of hair that Perry had pulled from Lowery's head.

[16] Notwithstanding Perry's claim that Lowery initiated the altercation and struck her first, the evidence most favorable to the judgment supports a finding that Perry was the instigator, thus negating an element of her self-defense claim. The trial court, as the fact finder, was under no obligation to credit Perry's self-serving, uncorroborated version of the altercation. *See McCullough v. State,* 985 N.E.2d 1135, 1139 (Ind. Ct. App. 2013) (the jury was not obligated to believe the defendant when the only evidence supporting his account of the incident was his self-serving statements), *trans. denied*. As a result, we conclude that the

evidence was sufficient to establish that Perry committed battery as a Class B misdemeanor and that she did not act in self-defense.

[17] Judgment affirmed.

Riley, J. and May, J., concur.